IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RASHAD GULIYEV, I-485 APPLICANT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:24-cv-2418-K |
| § | |
| UNITED STATES CITIZENSHIP § | |
| AND IMMIGRATION SERVICES, § | |
| ALEJANDROS MAYORKAS IN HIS § | |
| OFFICIAL CAPACITY, UNITED § | |
| STATES SECRETARY DEPARTMENT § | |
| OF HOMELAND SECURITY, AND § | |
| MERRICK GARLAND, IN HIS § | |
| OFFICIAL CAPACITY, ATTORNEY § | |
| GENERAL, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants United States Citizenship and Immigration Services, Alejandros Mayorkas in his Official Capacity, United States Secretary Department of Homeland Security, and Merrick Garland, in his Official Capacity, Attorney General's (Defendants or "USCIS") Motion to Dismiss (Doc. No. 13) which seeks to dismiss Plaintiff Rashad Guliyev, I-485 Applicant's, (Plaintiff or "Mr. Guliyev") Complaint (Doc. No. 1) for lack of jurisdiction, failure to state a claim, and insufficient service pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(5). Mr. Guliyev filed a Brief in Opposition to USCIS's Motion to Dismiss (Doc. No. 17)(the "Response"), and USCIS filed its Reply Brief in Support of its Motion to

1

Dismiss (Doc. No. 18), and the Motion is ripe to decide.

After careful consideration of the Motion, the applicable law, and the record and briefs before the Court, the Court finds that Mr. Guliyev has failed to establish this Court has jurisdiction to hear his Administrative Procedures Act or Mandamus Act claim pursuant to Rule 12(b)(1), and Mr. Guliyev has also failed to state a valid Due Process and Equal Access to Justice Act claim pursuant to Rule 12(b)(6), and accordingly the Court the Court GRANTS the USCIS's Rule 12(b)(1) and 12(b)(6) Motions to Dismiss, and DENIES the USCIS's Rule 12(b)(5) Motion to Dismiss as moot, as further discussed below.

I.   BACKGROUND

Mr. Guliyev is a citizen of Azerbaijan and the spouse of Austin James Clayton ("Mr. Clayton"), who is a U.S. citizen. Doc. No. 1 at 4, ¶¶ 9-11. Mr. Guliyev entered the United States legally on a K-1 visa as Mr. Clayton's fiancée on May 28, 2022, and married Mr. Clayton on June 13, 2022. *Id.* On June 14, 2022, Mr. Guliyev then filed an Adjustment of Status on Form I-485 with the USCIS to apply to become a lawful permanent resident. *Id.* Over the next two years, Mr. Guliyev made five inquiries with the USCIS as to the status of his application, in June 2023, October 2023, twice in February 2024 and once on or around April 2024. *Id.* at 4-7, ¶¶15-22. Mr. Guliyev made these inquires to the USCIS twice himself, and three times through inquires to the USCIS on Mr. Guliyev's behalf by Mr. Clayton's congressional representatives. *Id.*

Mr. Guliyev asserts that in the last update on his adjustment application, the U.S. Senator who inquired with the USCIS on his behalf informed him that "due to the tremendous number of applications [the USCIS] have pending, there is a delay in processing your current petition," but Mr. Guliyev's petition was "processing normally and the earliest date an inquiry could be submitted is November 6, 2025." *Id*. at 6, ¶¶19-20. Thus, Mr. Guliyev asserts that as of the time he filed this action, twenty-seven months had already passed since he filed his I-485, and, based on his next permitted inquiry date, fourteen months in the future, Mr. Guliyev asserts he expected forty months or more would likely pass before his application was adjudicated. *Id.* at 7, ¶¶23,27. Mr. Guliyev asserts that this delay is unreasonable since, at time he filed this action, he asserts that the USCIS website indicated that similar applications were being processed in only seventeen and a half months. *Id.* at 7, ¶24.

Frustrated in the delay in processing his application, on September 25, 2024, Mr. Guliyev filed the present action to seek injunctive relief to compel the government to adjudicate his application, and award him his attorneys' fees and costs. *Id.* at 8-10, ¶¶ 29-46. Specifically, Mr. Guliyev's complaint sought injunctive relief on the basis of the Court's authority pursuant to (1) the Administrative Procedures Act (the "APA") at 5 U.S.C. § 706(1)(A), (2) the Mandamus Act at 28 U.S.C. § 1361, and (3) his Due Process rights under the Fifth Amendment of the U.S. Constitution, which he asserts the USCIS's failure to timely adjudicate his application violated.

USCIS brought the present Motion, seeking the Court to dismiss both Mr. Guliyev's Mandamus Act and APA claims pursuant to Rule 12(b)(1) for a lack of subject matter jurisdiction, and to dismiss Mr. Guliyev's Fifth Amendment claim pursuant to Rule 12(b)(6) on the basis of a failure to state a claim. The USCIS further asserts Mr. Guliyev failed to provide proper service, and thus the action should be dismissed pursuant to Rule 12(b)(5). With briefing complete, the Motion is ripe to decide.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Accordingly, "the requirement that jurisdiction be established as a threshold matter is inflexible and without exception." *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Therefore, a party may challenge the court's subject matter jurisdiction to hear a case by filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). A district court must resolve any Rule 12(b)(1) motion before addressing any other matter because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)(internal citation omitted).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*,

536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

A Rule 12(b)(1) motion may assert either a facial or factual challenge to the court's subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). If the motion does not include evidence, that challenge is considered a facial attack on the court's subject matter jurisdiction. *Id*. "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953 (1980).

### B. Rule 12(b)(6)

A pleading that properly states a claim for relief, contains a short, plain statement of the claim showing the complainant is entitled to relief. FED. R. CIV. P. 8(a). A party may bring a Rule 12(b)(6) motion to dismiss when the party's complaint fails to properly state a claim. FED. R. CIV. P. 12(b)(6). To properly state a claim, a complaint must assert facts that, taken as true, are sufficient to "state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though the court "must accept as true all allegations contained in the complaint" a court need not accept

5

as true the complaint's "legal conclusions," "threadbare recitals of the elements of a cause of action", or "mere conclusory statements." *Id.*

A dismissal granted pursuant to a "motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)(internal quotation omitted). Thus, when a claimant fails to properly state a claim "district courts ordinarily grant leave to amend an inadequate complaint" but dismissal may still be proper "where plaintiff: '(1) repeatedly declared the adequacy of his complaint in a lengthy response to defendants' motion to dismiss, and (2) refused to file a supplemental complaint even in the face of a motion to dismiss.'" *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). Further, a court need not offer plaintiff any further opportunity to cure its pleading deficiencies if "it is clear the defects are incurable." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### C. Rule 12(b)(5)

A plaintiff must serve summons and complaint on defendants pursuant to Rule 4 of the Federal Rule of Civil Procedure. When the United States, or its agencies, corporations, officers, or employees are named a defendant, the plaintiff must effect service pursuant to Rule 4(i)(1)-(2). A defendant which wishes to challenge the insufficiency of service may bring a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). A motion to dismiss pursuant to Rule 12(b)(5) "turns on the legal sufficiency of the service of process," and "[t]he party making service has the burden

of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007).

If the serving party fails to meet this burden, "the district court can exercise discretion and may quash service and dismiss without prejudice all claims against improperly served defendants." *Harris v. HireRight LLC*, Civil Act. No. 3:23-CV-01679-E, 2024 WL 4805375, at *2 (N.D. Tex. Nov. 15, 2024)(Brown, J.)(citing *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691–92 (5th Cir. 2008)). However, the time for the plaintiff to effect proper service "may be extended upon a showing of good cause" and courts have "broad discretion in deciding whether to dismiss an action for ineffective service of process." 2024 WL 4805375, at *2 (quoting *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986)); Fed. R. Civ. P. 4(m).

### III. ANALYSIS

#### a. The Court must dismiss Mr. Guliyev's Administrative Procedures Act claim for a lack of jurisdiction pursuant to Rule 12(b)(1)

Mr. Guliyev seeks the Court to compel the USCIS to promptly complete adjudication of his application for adjustment of status, pursuant to the Court's authority under the Administrative Procedures Act ("APA") at 5 U.S.C. § 706(1), since he asserts, the USCIS has "unreasonably delayed" and "unlawfully withheld" his adjudication in violation of § 555(b) which requires agencies to conclude matters presented to then within a reasonable time. Doc. No. 1 at 8-9, ¶¶35-36.

7

The USCIS challenges Mr. Guliyev's entitlement to relief under the APA, since it asserts that on its face, the statute does not apply when either (i) a "statute precludes judicial review" or (ii) the complained of act is "agency action is committed to agency discretion by law" pursuant to 5 U.S.C. § 701(a)(1) & (2).  Doc. No. 10 at 3.  The USCIS asserts that here, these provisions *each* preclude the Court from hearing Mr. Guliyev's application for relief under the APA.  The Court further observes that the APA itself does not impliedly grant federal jurisdiction, so a court may not consider an APA claim if there is not another basis for the court's subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105 (1977).

Mr. Guliyev's claim cannot be heard by this Court, for the Immigration and Nationalization Act ("INA") largely bars judicial review of adjustment to status determinations such as his.  Specifically, the INA, codified at Title 8 U.S.C. § 1252(a)(2)(B)(i) "strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under section 1255" and thus district courts may not review any judgment regarding the granting of an adjustment to status. *Patel v. Garland*, 56 U.S. 328, 336-347 (2022).  Further, 8 U.S.C. § 1252(a)(2)(B)(ii) "bars the review of any other decision or action of the Attorney General or Secretary of Homeland Security the authority of which is specified under this subchapter to be in the discretion of the Attorney General or Secretary of Homeland Security, other than the granting of [asylum relief]." *Id.* at 342.  This provision has been interpreted broadly to bar judicial review of discretionary decisions or actions relating to an application of adjustment of

8

status . *See Id*. at 338 ("the word any has an expansive meaning"); *see also Kucana v. Holder*, 558 U.S. 233, 247 (2010) ((b)(ii) is a "catchall" that bars judicial review of any other decision or action made under discretionary authority granted by the INA).

After *Patel*, the Fifth Circuit expressly held that the INA at § 1252(a)(2)(B)(ii) bars district courts' jurisdiction over litigation relating to the process and pace of adjustment of status adjudications. *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024) (holding *Patel* precludes judicial review of any practical applications of the Attorney General's statutorily authorized discretion).

Specifically, the Fifth Circuit held 1252(a)(2)(B)(ii) strips jurisdiction from district courts for "any discretionary decision or action rendered by the Attorney General" relating to adjustment decisions, as well as "actions taken in the course of the decision-making *process*—including the pace at which that process is undertaken." *Cheejati*, 106 F.4th at 394 (emphasis in original)(citing *Bian v. Clinton*, 605 F.3d 249, 252-53 (5th Cir. 2010), *vacated for mootness*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010); *accord Li v. Jaddou*, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023)). In particular, the "discrete acts undertaken to render an adjustment decision and the *timing of those acts* are determined by the Attorney General in his discretion, and that discretionary action cannot be reviewed by federal courts." *Cheejati*, 106 F.4th at 394 (citing 8 U.S.C. § 1252(a)(2)(B)(ii))(emphasis added).

In the case before the Court, Mr. Guliyev's claim for injunctive relief under APA to remedy what he asserts is an "unreasonable delay" in and "unlawful withholding" of

the adjudication of his adjustment application, is, in substance, an attempt to secure judicial review of the pace of, and discrete acts within, the discretionary decision-making process relating to Mr. Guliyev's adjudication of his application. Thus, Mr. Guliyev's claim seeks judicial review of USCIS's discretionary actions squarely within the INA's jurisdiction stripping provision barring judicial review of any discretionary decision or action relating to discretionary relief, including adjustment of status, at 8 U.S.C. § 1252(a)(2)(B)(ii). Since the INA at 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction to review discretionary agency decisions as they relate to applications for adjustments to status, and the APA itself does not otherwise grant jurisdiction, the Court does not have jurisdiction to hear Mr. Guliyev's APA claim.

Of course, if the Court had jurisdiction to further consider whether Mr. Guliyev's claim under the APA was valid, Mr. Guliyev's claim under the APA would still fail as a matter of law, for the APA itself also specifically precludes its application when another statute precludes judicial review. *See* 5 U.S.C. § 701(a)(1). The jurisdiction stripping provisions found in the INA are just such a statute, and thus the APA does not apply. 8 U.S.C. 1252(a)(2)(B)(ii).

In addition, since the APA by its express terms is inapplicable where "agency action is committed to agency discretion by law" pursuant to 5 U.S.C. § 701(a)(2), and under *Cheejati*, "the *discrete acts undertaken* to render an adjustment decision and *the timing of those acts* are determined by the Attorney General in his *discretion*," the APA cannot provide a remedy for the unreasonable delay or unlawful withholding Mr.

10

Guliyev asserts he has suffered since these are "agency actions committed to agency discretion by law." 106 F.4th at 394 (emphasis added).

For the reasons above, the Court finds it has no jurisdiction to hear Mr. Guliyev's APA claim, accordingly, the Court GRANTS the Motion to Dismiss with respect to Mr. Guliyev's APA claim pursuant to Rule 12(b)(1), and Mr. Guliyev's APA claim is dismissed without prejudice.

### b. The Court must dismiss Mr. Guliyev's Mandamus Act claim for a lack of jurisdiction pursuant to Rule 12(b)(1)

Mr. Guliyev seeks the Court to compel the USCIS to promptly complete adjudication of his application for adjustment of status, pursuant to the Court's authority under the Mandamus Act at 28 U.S.C. § 1361 since, he asserts, the USCIS has "willfully and unreasonably failed to adjudicate" his pending application, which he claims is a "non-discretionary duty" of the USCIS "under the INA and federal regulations." Doc. No. 1 at 8, ¶¶29-33.

The USCIS challenges the Court's jurisdiction to hear this case, as it asserts that the INA precludes Mandamus Act claims and, were jurisdiction not specifically barred by the INA, the specifics of Mr. Guliyev's claim would not meet the requirements for the Court to exercise mandamus jurisdiction as a matter of law. Doc. No. 13 at 19-20.

As an initial consideration, the Court notes that Mr. Guliyev's Response fails to address USCIS's challenges to his claim for mandamus relief. Thus, Mr. Guliyev has abandoned this claim. "A party's failure to defend a claim in response to

a motion to dismiss constitutes abandonment." *Barrios v. Target Corp.,* No. 3:23-CV-00033-E, 2023 WL 4768191, at *2 (N.D. Tex. July 26, 2023)(Brown, J.) (citing *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (failure to respond to argument in motion to dismiss constituted abandonment)); *see also Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim abandoned when failed to assert in a response to motion to dismiss). Given that Mr. Guliyev failed to address USCIS's challenge to his mandamus claim in his Response, the Court concludes Mr. Guliyev has abandoned his claim for mandamus relief.

However, had Mr. Guliyev not abandoned his Mandamus Act claim, the Court finds that it has no jurisdiction to hear Mr. Guliyev's claim. Just as above, in relation to the Mandamus Act, the INA strips the Court's jurisdiction to determine Mr. Guliyev's claim. Specifically, the jurisdiction stripping provisions at 8 U.S.C. § 1252(B) and (B)(ii) that covers discretionary relief such as adjustments to status, expressly indicates that "[n]otwithstanding any other provision of law (statutory or non-statutory) including… title 28… section 1361 [the Mandamus Act]…no court shall have jurisdiction to review any other decision or action" granted to the agency discretion by the INA. Thus, the INA expressly strips the Court of Mandamus Act jurisdiction over claims relating to discretionary immigration relief, including requests for an adjustment of status like Mr. Guliyev's pending application.

Further, even in the absence of the INA's explicit jurisdictional stripping, the Court would not have jurisdiction to hear Mr. Guliyev's Mandamus Act claim. Writs

of mandamus are an "extraordinary remedy." *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 542 (5th Cir. 2001). To be granted a writ of mandamus, "a plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *Neville v. Lipnic*, 778 Fed. App'x 280, 284 (5th Cir. 2019) (quoting *U.S. v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir.1985)). Jurisdiction under the Mandamus Act exists only to compel the performance of "a duty owed to the plaintiff", which is "ministerial and so plainly prescribed as to be free from doubt." 28 U.S.C. § 1361; *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). Finally, the law is clear that "mandamus is not available to review discretionary acts of agency officials." *Neville*, 778 Fed. App'x at 284 (quoting *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir.1984)). As Mr. Guliyev's mandamus claim complaint seeks to compel the USCIS to perform a discretionary, rather than a ministerial, act, mandamus is inapplicable, and the Court has no jurisdiction to grant mandamus relief.

For the reasons above, the Court finds it has no jurisdiction to hear Mr. Guliyev's Mandamus Act claim, accordingly, the Court GRANTS the Motion to Dismiss with respect to Mr. Guliyev's Mandamus Act claim pursuant to Rule 12(b)(1), and Mr. Guliyev's Mandamus Act claim is dismissed without prejudice.

### c. The Court must dismiss Mr. Guliyev's Due Process claim for a failure to state a claim pursuant to Rule 12(b)(6)

Finally, Mr. Guliyev asks the Court to compel the USCIS to promptly complete adjudication of his application for adjustment of status, pursuant to the Due Process

Clause of the Fifth Amendment to the U.S. Constitution since, he asserts, the "delay and failure to act by [USCIS] has violated [his] due process rights." Doc. No. 1 at 10, ¶¶43-44.  In his Response, Mr. Guliyev expands upon the argument in his complaint, by arguing that his payment for the processing of his adjustment of status application establishes a property interest, which he asserts, has been denied without due process through "unreasonable the delay in deciding his application." Doc. No. 17 at 23.

The USCIS's Motion asserts that Mr. Guliyev fails to state a proper due process claim, since his complaint does not assert a protected life, liberty, or process interest and show that the government has improperly deprived him of that interest, and thus, pursuant to Rule 12(b)(6), must be dismissed.

To state a valid due process claim, "a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

After careful review, the Court finds that Mr. Guliyev's pleadings fail to state a valid due process claim, since he has failed to identify any protected liberty or property interest that government action has deprived, and since, the USCIS's actions which he challenges, as a matter of law, do not implicate either a protected liberty or property interest, he cannot amend his pleadings to state a valid due process claim.

This is because the Fifth Circuit "has repeatedly held that discretionary relief from removal, *including an application for an adjustment of status*, is not a liberty or

property right that requires due process protection." *Nykia v. Holder*, 571 Fed. App'x 351, 352 (5th Cir. 2014) (quoting *Ahmed v. Gonzales*, 447 F.3d 433, 330 (5th Cir. 2006)(emphasis added). In addition, "failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017) (quoting *Asssad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004)). Further, there is no protected property interest in a voluntary payment for discretionary relief. *See Nykia*, 571 Fed. App'x at 352 (there is no protected property interest in discretionary relief); *see also Isleem v. Peacock*, 2024 WL 3887511, at *10 n.11 (a payment to apply for adjustment of status, even when adjudication is denied or delayed, is not deprivation of a property interest).

Thus, since Mr. Guliyev has failed to assert he has been deprived of a protected liberty or property interest by government action, Mr. Guliyev has failed to state a Due Process claim under the Fifth Amendment. The Court further finds that, since he has no protected due process interest in discretionary relief, Mr. Guliyev's amendment of his claim would be futile. *Nykia*, 571 Fed. App'x at 352. Since amendment of this claim would be futile, the Court may dismiss Mr. Guliyev's claim without first providing leave to amend. FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).

Therefore, for the reasons above, the Court finds Mr. Guliyev has failed to state a valid Due Process claim, and the amendment of his pleadings would be futile. Accordingly, the Court GRANTS the Motion to Dismiss with respect to Mr. Guliyev's

Due Process claim pursuant to Rule 12(b)(6), and Mr. Guliyev's Due Process claim is DISMISSED.

### d. The Court must dismiss Mr. Guliyev's Equal Access to Justice Act claim for a failure to state a claim pursuant to Rule 12(b)(6)

Finally, "if he prevails" in this action, Mr. Guliyev seeks attorneys' fees and costs under the Equal Access to Justice Act at 5 U.S.C. § 504 and 28 U.S.C. § 2412. Doc. No. 1 at 10, ¶¶46. The Court need not substantively address Mr. Guliyev's claim for fees and costs, since his prevailing on at least one other claim is a necessary predicate for a successful claim for fees and costs, and the Court has dismissed each of Mr. Guliyev's other claims. Accordingly, Mr. Guliyev's complaint fails to state a claim under the EAJA pursuant to Rule 12(b)(6), and since amendment would be futile, Mr. Guliyev's EAJA claim is DISMISSED.

### e. The Court need not determine USCIS's 12(b)(5) Motion to Dismiss for insufficient service since the case must be dismissed

Since the Court has dismissed all of Mr. Guliyev's causes of action pursuant to Motions pursuant to Rule 12(b)(1) and 12(b)(6) for a lack of subject matter jurisdiction and a failure to state a claim, USCIS's Motion pursuant to Rule 12(b)(5) that seeks dismissal on the basis that Mr. Guliyev allegedly failed to properly serve the Defendants, is DENIED as MOOT and need not be further analyzed by the Court.

## IV. CONCLUSION

After careful consideration of the Motion, the Parties' Briefs, the record before the Court and the applicable law, the Court finds that the Court has no subject matter

jurisdiction over Mr. Guliyev's claims under the Administrative Procedures Act and the Mandamus Act, and Mr. Guliyev has failed to state a claim under the Due Process Clause and the Equal Access to Justice Act, and further amendment of his pleadings would be futile.  Accordingly, USCIS's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss are GRANTED, USICS's Rule 12(b)(5) Motion to Dismiss is DENIED as moot, Mr. Guliyev's claims under the Administrative Procedures Act and Mandamus Act are DISMISSED without prejudice, and Mr. Guliyev's claims under the Due Process Clause and the Equal Access to Justice Act are DISMISSED.

**SO ORDERED.**

Signed July 9th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE